UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **U.S. Pastor Council**, on behalf of itself and others similarly situated; **Hotze Health & Wellness Center**, on behalf of itself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**Equal Employment Opportunity Commission**; **Victoria A. Lipnic, Chai R. Feldblum, and Charlotte A. Burrows**, in their official capacities as chair and commissioners of the Equal Employment Opportunity Commission; **Jefferson B. Sessions III**, in his official capacity as Attorney General of the United States; **United States of America**,<br><br>Defendants. | Case No. 4:18-cv-824 |

## PLAINTIFFS' CLASS-ACTION COMPLAINT

The Equal Employment Opportunity Commission claims that Title VII outlaws employment discrimination on account of sexual orientation or gender identity. *See Baldwin v. Foxx*, EEOC Doc. No. 0120133080, 2015 WL 4397641 (EEOC July 16, 2015); *Macy v. Holder*, EEOC Doc. No. 0120120821, 2012 WL 1435995 (EEOC Apr. 20, 2012). But neither the text of Title VII nor the EEOC's regulatory guidance makes any exemptions or accommodations for churches or corporations that oppose homosexual or transgender behavior on religious grounds. The failure to provide a religious exemption to this supposed anti-discrimination requirement violates the Re-

ligious Freedom Restoration Act and the First Amendment. The plaintiffs seek a declaratory judgment to that effect, and they seek to enjoin the federal government from enforcing anti-discrimination policies of this sort against any employer that objects to homosexual or transgender behavior on religious grounds.

## JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

## PARTIES

3. Plaintiff U.S. Pastor Council is a nonprofit incorporated under the laws of Texas. The U.S. Pastor Council comprises approximately 1,000 member churches, including six in Fort Worth.

4. Plaintiff Hotze Health & Wellness Center is a for-profit business incorporated under the laws of Texas.

5. Defendant Equal Employment Opportunity Commission (EEOC) is an agency of the federal government. Its offices are located at 131 M Street NE, Washington, D.C. 20002. The EEOC is charged with enforcing Title VII of the Civil Rights Act of 1964.

6. Defendants Victoria A. Lipnic, Chai R. Feldblum, and Charlotte A. Burrows are chair and commissioners of the Equal Employment Opportunity Commission. They are sued in their official capacities.

7. Defendant Jefferson B. Sessions is Attorney General of the United States. His office is located at 950 Pennsylvania Avenue NW, Washington, D.C. 20530. The Attorney General, like the EEOC, is charged with enforcing Title VII, and he is empowered to bring civil actions to enforce the statute when a case is referred to him by

the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). Attorney General Sessions is sued in his official capacity.

8. Defendant United States of America is the federal government of the United States of America.

## STATEMENT OF FACTS

9. Title VII of the Civil Rights Act of 1964 forbids employers to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1).

10. Title VII also forbids an employer to "limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(2).

11. The EEOC interprets these statutory prohibitions on "sex" discrimination to include discrimination on account of sexual orientation or gender identity. *See Baldwin v. Foxx*, EEOC Doc. No. 0120133080, 2015 WL 4397641 (EEOC July 16, 2015) (sexual orientation); *Macy v. Holder*, EEOC Doc. No. 0120120821, 2012 WL 1435995 (EEOC Apr. 20, 2012) (gender identity).

12. The EEOC also demands that employers recognize same-sex marriage on the same terms as opposite-sex marriage. *See* Preventing Employment Discrimination Against Lesbian, Gay, Bisexual or Transgender Workers, available at https://bit.ly/2MnDzG5 (last visited on October 6, 2018) ("Examples of sex discrimination involving sexual orientation include . . . denying spousal health insurance benefits to a female employee because her legal spouse is a woman, while providing spousal health

insurance to a male employee whose legal spouse is a woman.") (attached as Exhibit 1).

13. The EEOC also demands that employers allow employees into restrooms that correspond to the "gender identity" that they assert—regardless of the individual's biological sex, regardless of whether the individual has had a sex-change operation, and regardless of any objections or privacy concerns that might be raised by other employees. *See Lusardi v. Dep't of the Army*, EEOC Appeal No. 0120133395, 2015 WL 1607756 (April 1, 2015); Preventing Employment Discrimination Against Lesbian, Gay, Bisexual or Transgender Workers, available at https://bit.ly/2MnDzG5 (last visited on October 6, 2018) ("Title VII is violated where an employer denies an employee equal access to a common restroom corresponding to the employee's gender identity").

14. The text of Title VII makes no exemptions or accommodations for employers that hold sincere religious objections to homosexuality or transgender behavior. The only religious accommodations in Title VII appear at 42 U.S.C. § 2000e-1(a) and 42 U.S.C. § 2000e-2(e)(2), which allow religious organizations and religious schools to limit employment to members of a particular religion. Nothing in Title VII exempts any religious employer from the statute's prohibition on sex discrimination.

15. Because Title VII's statutory exemptions are constitutionally insufficient to protect the autonomy and religious freedom of churches and religious institutions, the Supreme Court has recognized a "ministerial exception" in the First Amendment, which categorically exempts a religious group's selection of its ministers from the reach of anti-discrimination law. *See Hosanna-Tabor Evangelical Lutheran Church and Sch. v. EEOC*, 565 U.S. 171 (2012). This "ministerial exemption" protects the Catholic church from being forced to hire women as priests—notwithstanding the text of Title VII—and it protects other churches from being forced to hire practicing homosexuals as clergy. But this "ministerial exception" is no help to Christian-owned

businesses that oppose homosexuality and transgender behavior on religious grounds. And the "ministerial exemption" does nothing to shield churches that require non-ministerial employees such as secretaries to refrain from homosexual behavior.

16. The EEOC refuses to acknowledge that RFRA and the First Amendment limit its ability to enforce Title VII against employers who object to homosexual and transgender behavior on religious grounds. And the EEOC readily brings lawsuits against Christian businesses that oppose these behaviors without regard to their rights under the RFRA and the First Amendment. *See, e.g.*, *EEOC v. R.G. & G.R. Harris Funeral Homes Inc.*, 884 F.3d 560 (6th Cir. 2018) (EEOC lawsuit against a Christian funeral home for refusing to allow a biologically female employee to dress like a man).

17. Other policies, regulations, and executive orders adopted by the federal government attempt to prohibit discrimination on account of sexual orientation and gender identity without any exceptions or allowances for religious institutions. *See, e.g.*, Executive Order 13672 (prohibiting government contractors from discriminating on account of sexual orientation and gender identity, without any accommodations for religious institutions); 45 C.F.R. § 75.300(d) (requiring recipients of HHS grants to "treat as valid the marriages of same-sex couples," without any accommodations for religious institutions).

### STATEMENT OF THE CLAIM—U.S. PASTOR COUNCIL

18. The U.S. Pastor Council is a nonprofit corporation that comprises over 1,000 member churches.

19. The member churches of the U.S. Pastor Council believe that the Bible is the Word of God.

20. The Bible repeatedly and explicitly condemns homosexual behavior. *See, e.g.*, Romans 1:26–28; 1 Timothy 1:8–11; 1 Corinthians 6:9–11; Leviticus 18:22; Leviticus 20:13; Genesis 19:1–29.

21. The member churches of the U.S. Pastor Council require their employees to live according to Biblical teaching on matters of sexuality. Because of this, the churches will not consider practicing homosexuals for any type of church employment—including employment for non-ministerial positions.

22. The member churches of the U.S. Pastor Council do not recognize same-sex marriage and will not provide spousal benefits to same-sex partners of church employee. Indeed, any church employee who enters into a same-sex marriage would face immediate dismissal from employment.

23. The Religious Freedom Restoration Act and the First Amendment forbid the EEOC to interpret or enforce Title VII in a manner that requires a church to hire practicing homosexuals for ministerial or non-ministerial positions, or that requires churches to recognize same-sex marriage or provide spousal benefits to same-sex partners of church employees.

24. The U.S. Pastor Council has associational standing to bring this lawsuit because: (a) its member churches would have standing to sue in their own right; (b) the rights of religious freedom and church autonomy that it seeks to vindicate in this lawsuit are germane to the organization's purpose; and (c) neither the claims asserted nor the relief demanded requires the individual member churches to participate in the lawsuit. *See Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977).

25. The individual member churches of the U.S. Pastor Council would have Article III standing to challenge the EEOC's interpretation and enforcement of Title VII. The EEOC's announced interpretation of Title VII directly regulates and restricts the churches' freedom to hire and regulate the conduct of their employees. The EEOC's interpretations of Title VII are also entitled to deference and receive deference from the judiciary. *See Griggs v. Duke Power Co.*, 401 U.S. 424, 433–34 (1971)

(holding that the EEOC's interpretations of Title VII are "entitled to great deference."); *Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 364 (3d Cir. 2008) (extending "a high degree of deference" to EEOC guidelines interpreting the Pregnancy Discrimination Act's amendments to Title VII); *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 427 (4th Cir. 1999) (extending "full *Chevron* deference" to the EEOC's interpretation of Title VII). And the EEOC is already suing religious employers for violating its interpretation of Title VII—and it will continue to do so unless it is enjoined by this Court. *See EEOC v. R.G. & G.R. Harris Funeral Homes Inc.*, 884 F.3d 560 (6th Cir. 2018). The threat of enforcement inflicts "injury in fact"; it is caused by the defendants' behavior; and it will be redressed by an injunction that blocks the EEOC from enforcing its interpretation of Title VII against churches that object to homosexual or transgender behavior.

26. The U.S. Pastor Council sues as representative of a class of all churches in the United States who oppose homosexual behavior for sincere religious reasons.

## STATEMENT OF THE CLAIM— HOTZE HEALTH & WELLNESS CENTER

27. The Hotze Health & Wellness Center is a Christian-owned business that is incorporated under the laws of Texas. It has approximately 75 employees.

28. Dr. Steven F. Hotze is the founder and CEO of the Hotze Health & Wellness Center.

29. Dr. Hotze is a Christian, and he believes that the Bible is the Word of God. Dr. Hotze operates his business according to Christian and Biblical principles and teaching.

30. The Bible repeatedly and explicitly condemns homosexual behavior. *See, e.g.*, Romans 1:26–28; 1 Timothy 1:8–11; 1 Corinthians 6:9–11; Leviticus 18:22; Leviticus 20:13; Genesis 19:1–29.

31. The Bible also warns Christians not to lend their approval to those who practice homosexual behavior. *See, e.g.*, Romans 1:32.

32. Because of these clear and explicit Biblical passages, Dr. Hotze believes that homosexual behavior is a gross sin, and as a Christian he must not lend approval to or become complicit in this behavior.

33. Dr. Hotze will not permit the Hotze Health & Wellness Center to recognize same-sex marriage or extend spousal benefits to an employee's same-sex partner, because that would lend approval to homosexual behavior and make him complicit in gross sin, in violation of his sincere religious beliefs.

34. Dr. Hotze also believes that transgender behavior is contrary to the Bible and Christian teaching, and as a Christian he must not lend approval to or become complicit in this behavior in any way.

35. Because of these sincere religious beliefs, Dr. Hotze will not permit an employee of the Hotze Health & Wellness Center to use a restroom reserved for members of the opposite biological sex—regardless of the gender identity that the employee asserts.

36. The Religious Freedom Restoration Act and the First Amendment forbid the EEOC to interpret or enforce Title VII in a manner that requires a Christian-owned business to recognize same-sex marriage, provide spousal benefits to the same-sex partners of its employees, or allow its employees to use restrooms reserved for the opposite biological sex.

37. The Hotze Health & Wellness Center has standing to challenge the EEOC's refusal to provide exemptions or accommodations for Christian businesses that object to homosexual or transgender behavior on religious grounds. The EEOC's announced interpretation of Title VII directly regulates and restricts the Hotze Health & Wellness Center and its relationship with its employees. The EEOC's interpretations of Title VII are entitled to deference and receive deference from the federal

judiciary. *See* sources cited in ¶ 25. And the EEOC is already suing Christian-owned businesses for violating its interpretation of Title VII—and it will continue to do so unless it is enjoined by this Court. *See EEOC v. R.G. & G.R. Harris Funeral Homes Inc.*, 884 F.3d 560 (6th Cir. 2018). The threat of enforcement inflicts "injury in fact"; it is caused by the defendants' behavior; and it will be redressed by an injunction that blocks the EEOC from enforcing its interpretation of Title VII against businesses that object to homosexual or transgender behavior on religious grounds.

38. The Hotze Health & Wellness Center sues as representative of a class of all closely held corporations in the United States that object to homosexual or behavior for sincere religious reasons.

## CAUSES OF ACTION

39. The plaintiffs are suing under the Constitution, the Religious Freedom Restoration Act, and the Administrative Procedure Act, each of which supplies a cause of action for the claims that they are asserting. *See Davis v. Passman*, 442 U.S. 228, 243–44 (1979); 42 U.S.C. 2000bb-1(c); 5 U.S.C. § 702.

## DEMAND FOR RELIEF

40. The plaintiffs respectfully request that the court:

    a. certify a class of all churches in the United States that oppose homosexual or transgender behavior for sincere religious reasons;

    b. certify a separate class of all businesses in the United States that oppose homosexual or transgender behavior for sincere religious reasons;

    c. declare that the EEOC's interpretation of Title VII violates the Religious Freedom Restoration Act and the First Amendment, because it fails to exempt employers that hold sincere religious objections to homosexual or transgender behavior;

    d.    declare that the First Amendment and the Religious Freedom Restoration Act give the plaintiffs and their fellow class members the right to operate their churches and businesses in accordance with their sincere religious beliefs that homosexual behavior is immoral, and that any federal statute, executive order, or agency rule, policy or regulatory guidance that infringes or burdens this right cannot be enforced against the plaintiffs and their fellow class members;

    e.    permanently enjoin the defendants from interpreting or enforcing Title VII in a manner that requires churches to hire practicing homosexuals for ministerial or non-ministerial employment;

    f.    permanently enjoin the defendants from interpreting or enforcing Title VII in a manner that requires churches to recognize same-sex marriage or extend spousal benefits to the same-sex partners of church employees;

    g.    permanently enjoin the defendants from interpreting or enforcing Title VII in a manner that requires businesses that object to homosexual or transgender behavior for sincere religious reasons to recognize same-sex marriage or extend spousal benefits to the same-sex partners of their employees;

    h.    permanently enjoin the defendants from interpreting or enforcing Title VII in a manner that requires businesses that object to homosexual or transgender behavior for sincere religious reasons to allow employees to use restrooms reserved for the opposite biological sex;

    j.    permanently enjoin the defendants from issuing any type of regulatory guidance regarding Title VII's application to homosexuals or transgendered people that does not explicitly recognize exemptions

> for employers that object to homosexual or transgender behavior on religious grounds;
>
> k.  award costs and attorneys' fees under 42 U.S.C. § 1988;
>
> l.  award all other relief that the Court may deem just, proper, or equitable.

Respectfully submitted.

/s/ Jonathan F. Mitchell

| | |
|---|---|
| Charles W. Fillmore | Jonathan F. Mitchell |
| H. Dustin Fillmore | Texas Bar No. 24075463 |
| The Fillmore Law Firm, L.L.P. | Mitchell Law PLLC |
| 1200 Summit Avenue, Suite 860 | 106 East Sixth Street, Suite 900 |
| Fort Worth, Texas 76102 | Austin, Texas 78701 |
| (817) 332-2351 (phone) | (512) 686-3940 (phone) |
| (817) 870-1859 (fax) | (512) 686-3941 (fax) |
| chad@fillmorefirm.com | jonathan@mitchell.law |
| dusty@fillmorefirm.com | |
| | *Counsel for Plaintiffs and* |
| Dated: October 6, 2018 | *the Proposed Classes* |