**U.S. Equal Employment Opportunity Commission**

Search terms...   Search

About EEOC  |  Employees & Job Applicants  |  Employers / Small Business  |  Federal Sector  |  Contact Us  |  Translate / Traducir

# What You Should Know: The EEOC and Protections for LGBT Workers

## Overview

Title VII prohibits discrimination because of an "individual's … sex."  42 U.S.C. § 2000e-2(a)(1).

In *Bostock v. Clayton County, Georgia,* No. 17-1618 (S. Ct. June 15, 2020)[1], the Supreme Court held that firing individuals because of their sexual orientation or transgender status violates Title VII's prohibition on discrimination because of sex.  The Court reached its holding by focusing on the plain text of Title VII, and did not adopt other theories – such as sex stereotyping and associational discrimination – to reach its conclusion.  As the Court explained, "discrimination based on homosexuality or transgender status necessarily entails discrimination based on sex; the first cannot happen without the second."  For example, if an employer fires an employee because she is a woman who is married to a woman, but would not do the same to a man married to a woman, the employer is taking an action because of the employee's sex because the action would not have taken place but for the employee being a woman.  Similarly, if an employer fires an employee because that person was identified as male at birth, but uses feminine pronouns and identifies as a female, the employer is taking action against the individual because of sex since the action would not have been taken but for the fact the employee was originally identified as male.

The *Bostock* decision does not address related issues under Title VII such as dress codes, bathroom access, or locker room access, which were raised by Justice Alito's dissent.  The Court also noted that its decision did not address various religious liberty issues, such as the First Amendment, Religious Freedom Restoration Act, and exemptions Title VII provides for religious employers.

## Laws the Commission Enforces

- 42 U.S.C. § 2000e-2 (Section 703)

This is the section of the law that was at issue in *Bostock* and applies to the private sector, state and local governments, employment agencies, and labor organizations.   *Bostock* made clear that section 703's prohibition of discrimination based on sex includes sexual orientation and transgender status.

- 42 U.S.C. § 2000e-16 (Section 717)

Section 717 covers employees of the federal government.  The Commission has issued several federal sector decisions under section 717 finding discrimination based on the sexual orientation and transgender status of federal employees.  https://www.eeoc.gov/federal-sector/reports/federal-sector-cases-involving-transgender-individuals.

## What to Do if You Think You Have Been Discriminated Against

If you believe you have been discriminated against, you may take action to protect your rights under Title VII by filing a complaint:

- **Private sector and state/local government employees** may file a charge of discrimination by contacting the EEOC at 1-800-669-4000 or go to https://www.eeoc.gov/how-file-charge-employment-discrimination.
- **Federal government employees** may initiate the complaint process by contacting an EEO counselor at your agency; more information is available at https://www.eeoc.gov/federal-sector/overview-federal-sector-eeo-complaint-process.

## Other Laws

Other laws that also may apply:

- Federal contractors and sub-contractors are covered by a separate, explicit prohibition on transgender or sexual orientation discrimination in employment pursuant to Executive Order (E.O.) 13672 enforced by the U.S. Department of Labor's Office of Federal Contract Compliance.
- State or local fair employment laws also may prohibit discrimination based on sexual orientation or transgender status.  Contact information for state and local fair employment agencies can be found on the page for EEOC's field office covering that state or locality.

---

[1] This also served as the decision for *Altitude Express, Inc., et al. v. Zarda et al.* (No. 17–1623) and *R. G. & G. R. Harris Funeral Homes, Inc. v. EEOC et al.* (No. 18–107).

| | |
|---|---|
| **OLC Control Number:** | EEOC-NVTA-0000-29 |
| **Concise Display Name:** | What You Should Know: The EEOC and Protections for LGBT Workers |
| **Issue Date:** | 06-30-2020 |
| **General Topics:** | Sex |
| **Summary:** | This document provides information about enforcement of Title VII sex discrimination prohibitions for LGBTQ people. |
| **Citation:** | Title VII, 29 CFR Part 1604 |
| **Document Applicant:** | Employees, Employers, Applicants, HR Practitioners |
| **Previous Revision:** | Yes. The current version updates a document originally published on 05-04-2015. |

This guidance document was issued upon approval of the Chair of the U.S. Equal Employment Opportunity Commission.

The contents of this document do not have the force and effect of law and are not meant to bind the public in any way. This document is intended only to provide clarity to the public regarding existing requirements under the law or agency policies.

Return to top

---

**U.S. Equal Employment Opportunity Commission**

**EEOC Headquarters**

131 M Street, NE
Washington, DC 20507
202-663-4900 / (TTY) 202-663-4494

**Questions?**

Call 1-800-669-4000
For Deaf/Hard of Hearing callers:
1-800-669-6820 (TTY)
1-844-234-5122 (ASL Video Phone)
info@eeoc.gov

Find your nearest EEOC office
Frequently Asked Questions

**Connect With Us**

FOIA   Privacy Policy   Disclaimer   Accessibility   Office of Inspector General   USA.gov