IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| U.S. PASTOR COUNCIL et al., <br><br>     Plaintiffs, <br><br> v. <br><br> EQUAL EMPLOYMENT OPPORTUNITY COMMISSION et al., <br><br>     Defendants. | Civil Action No. 18-0824 |

## JOINT STATUS REPORT

On January 26, 2021, the Court issued an order denying Defendants' motion to dismiss for lack of jurisdiction. ECF No. 56. Following that order, the Court issued another order directing the parties "to submit a proposed briefing schedule for summary judgment" by February 8, 2021. ECF Nos. 57, 59.

The parties agree that before reaching the merits of this case, it is necessary to determine whether discovery is necessary in two areas: jurisdiction and class certification.

First, evidence is needed, potentially through discovery, to litigate the Court's jurisdiction at the summary-judgment stage. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)). Plaintiffs' burden to establish jurisdiction increases at the summary judgment stage: "In response to a summary judgment motion, . . . the plaintiff can no longer rest on such 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts,' which for purposes of the summary judgment motion will be taken to be true." *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 562 (1992)

(quoting Fed. R. Civ. P. 56(e)). Defendants continue to believe that Plaintiffs lack standing and intend to argue at the summary-judgment stage that Plaintiffs cannot set forth evidence, as opposed to allegations, that support their standing. Although evidence regarding Plaintiffs' standing ordinarily would be ascertained through discovery, the parties believe that it may be possible for them to stipulate to facts regarding Plaintiffs' standing without the need for discovery. Therefore, the parties propose filing a Joint Stipulation of Facts with a summary judgment schedule in thirty days or, failing agreement on the facts, a Joint Status Report ("JSR") setting forth an alternative schedule based on the need for discovery with respect to jurisdiction.

Second, evidence is needed, potentially through discovery, to determine whether class certification is appropriate. Plaintiffs wish to certify two classes: (1) "all employers in the United States who oppose homosexual or transgender behavior for sincere religious reasons" and (2) "all employers in the United States who oppose homosexual or transgender behavior for religious or non-religious reasons." 2d Am. Compl. ¶ 97, ECF No. 45. Defendants intend to oppose certification of these proposed classes. As with evidence regarding jurisdiction, evidence regarding class certification ordinarily would be ascertained through discovery. However, the parties also believe that it may be possible for them to stipulate to facts regarding class certification without the need for discovery. Therefore, the parties propose including any agreement on the class certification facts in the aforementioned stipulation. Or, failing agreement on the facts, the parties would propose an alternative schedule based on the need for discovery with respect to class certification in the aforementioned JSR.

In sum, the parties propose filing by March 8, 2021 either (1) a Joint Stipulation of Facts Regarding Standing and Class Certification and a JSR with a proposed summary-judgment schedule or (2) a JSR with a proposed schedule based on the need for discovery.

| | |
|---|---|
| Dated: February 8, 2021 | Respectfully submitted, |
| /s/ *Jonathan F. Mitchell* <br> JONATHAN F. MITCHELL <br> Texas Bar No. 24075463 <br> Mitchell Law PLLC <br> 111 Congress Avenue, Suite 400 <br> Austin, Texas 78701 <br> (512) 686-3940 (phone) <br> (512) 686-3940 (fax) <br> jonathan@mitchell.law <br><br> *Attorney for Plaintiffs* | BRIAN M. BOYNTON <br> Acting Assistant Attorney General <br><br> CARLOTTA P. WELLS <br> Assistant Branch Director <br><br> /s/ *Benjamin T. Takemoto* <br> BENJAMIN T. TAKEMOTO <br> (DC Bar # 1045253) <br> Trial Attorney <br> United States Department of Justice <br> Civil Division, Federal Programs Branch <br> P.O. Box No. 883, Ben Franklin Station <br> Washington, DC 20044 <br> Phone: (202) 532-4252 <br> Fax: (202) 616-8460 <br> E-mail: benjamin.takemoto@usdoj.gov <br><br> *Attorneys for Defendants* |