## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| U.S. PASTOR COUNCIL et al., <br><br>     Plaintiffs, <br><br> v. <br><br> EQUAL EMPLOYMENT OPPORTUNITY COMMISSION et al., <br><br>     Defendants. | Civil Action No. 18-0824 |

## DEFENDANTS' ANSWER TO THE SECOND AMENDED COMPLAINT

Defendants in the above captioned case hereby answer the Second Amended Complaint, ECF No. 45, as follows.

The first two paragraphs of the Second Amended Complaint consist of Plaintiffs' characterization of this suit, not allegations of fact to which a response is required. To the extent a response is required, deny.

1.   This paragraph consists of legal conclusions, not allegations of fact to which a response is required.

2.   This paragraph consists of legal conclusions, not allegations of fact to which a response is required.

3.   Defendants lack information sufficient to admit or deny the allegations in this paragraph.

4.   Defendants lack information sufficient to admit or deny the allegations in this paragraph.

5.   Defendants lack information sufficient to admit or deny the allegations in this paragraph.

6.   Admit.

7.   Admit that Charlotte A. Burrows is the Chair of the Equal Employment Opportunity Commission (EEOC) and that Janet Dhillon is a Commissioner of the EEOC. Deny that

Victoria A. Lipnic is a current Commissioner of the EEOC. The second sentence consists of Plaintiffs' characterization of this suit, not allegations of fact to which a response is required.

8.      Deny the first and second sentences. The third sentence consists of legal conclusions, not allegations of fact to which a response is required. Admit the fourth sentence. The fifth sentence consists of Plaintiffs' characterization of this suit, not allegations of fact to which a response is required.

9.      Admit.

10.     This paragraph consists of Plaintiffs' characterization of Title VII of the Civil Rights Act of 1964 (Title VII), not allegations of fact to which a response is required. To the extent a response is required, deny and respectfully refer the Court to the cited statute for a full and accurate statement of its contents.

11.     This paragraph consists of Plaintiffs' characterization of Title VII, not allegations of fact to which a response is required. To the extent a response is required, deny and respectfully refer the Court to the cited statute for a full and accurate statement of its contents.

12.     This paragraph consists of Plaintiffs' characterization of EEOC decisions, not allegations of fact to which a response is required. To the extent a response is required, deny and respectfully refer the Court to the cited decisions for a full and accurate statement of their contents.

13.     This paragraph consists of Plaintiffs' characterization of an EEOC document, not allegations of fact to which a response is required. To the extent a response is required, deny and respectfully refer the Court to the cited document for a full and accurate statement of its contents.

14.     This paragraph consists of Plaintiffs' characterization of an EEOC decision and document, not allegations of fact to which a response is required. To the extent a response is required, deny and respectfully refer the Court to the cited decision and document for a full and accurate statement of their contents.

15.     This paragraph consists of Plaintiffs' characterization of Title VII, not allegations of fact to which a response is required. To the extent a response is required, deny and respectfully refer the Court to the cited statute for a full and accurate statement of its contents.

16.     The first sentence consists of Plaintiffs' characterization of a Supreme Court decision, not allegations of fact to which a response is required. To the extent a response is required, deny and respectfully refer the Court to the cited decision for a full and accurate statement of its contents. The remaining sentences consist of legal conclusions, not allegations of fact to which a response is required.

17.     Deny except to admit that the EEOC brought the cited case.

18.     This paragraph consists of Plaintiffs' characterization of vague "[o]ther policies, regulations, and executive orders," not allegations of fact to which a response is required. To the extent a response is required, deny and respectfully refer the Court to the cited executive order and regulation for a full and accurate statement of their contents.

19.     Admit.

20.     This paragraph consists of Plaintiffs' characterization of a Supreme Court decision, not allegations of fact to which a response is required. To the extent a response is required, deny and respectfully refer the Court to the cited decision for a full and accurate statement of its contents.

21.     This paragraph consists of Plaintiffs' characterization of a Supreme Court decision, not

allegations of fact to which a response is required. To the extent a response is required, deny and respectfully refer the Court to the cited decision for a full and accurate statement of its contents.

22.   This paragraph consists of Plaintiffs' characterization of a Supreme Court decision, not allegations of fact to which a response is required. To the extent a response is required, deny and respectfully refer the Court to the cited decision for a full and accurate statement of its contents.

23.   This paragraph consists of Plaintiffs' characterization of a Supreme Court decision, not allegations of fact to which a response is required. To the extent a response is required, deny and respectfully refer the Court to the cited decision for a full and accurate statement of its contents.

24.   This paragraph consists of Plaintiffs' characterization of a Supreme Court decision, not allegations of fact to which a response is required. To the extent a response is required, deny and respectfully refer the Court to the cited decision for a full and accurate statement of its contents.

25.   Defendants lack information sufficient to admit or deny the allegations in this paragraph.

26.   Defendants lack information sufficient to admit or deny the allegations in this paragraph.

27.   This paragraph consists of Plaintiffs' characterization of the Bible, not allegations of fact to which a response is required.

28.   This paragraph consists of Plaintiffs' characterization of the Bible, not allegations of fact to which a response is required.

29.   Defendants lack information sufficient to admit or deny the allegations in this paragraph.

30.   Defendants lack information sufficient to admit or deny the allegations in this paragraph.

31.     Defendants lack information sufficient to admit or deny the allegations in this paragraph.

32.     Defendants lack information sufficient to admit or deny the allegations in this paragraph.

33.     Defendants lack information sufficient to admit or deny the allegations in this paragraph.

34.     Defendants lack information sufficient to admit or deny the allegations in this paragraph.

35.     Defendants lack information sufficient to admit or deny the allegations in this paragraph.

36.     Defendants lack information sufficient to admit or deny the allegations in this paragraph.

37.     Defendants lack information sufficient to admit or deny the allegations in this paragraph.

38.     Defendants lack information sufficient to admit or deny the allegations in this paragraph.

39.     Defendants lack information sufficient to admit or deny the allegations in this paragraph.

40.     Defendants lack information sufficient to admit or deny the allegations in this paragraph.

41.     Defendants lack information sufficient to admit or deny the allegations in this paragraph.

42.     Defendants lack information sufficient to admit or deny the allegations in this paragraph.

43.     Defendants lack information sufficient to admit or deny the allegations in this paragraph.

44.     Defendants lack information sufficient to admit or deny the allegations in this paragraph.

45.     Defendants lack information sufficient to admit or deny the allegations in this paragraph.

46.     Defendants lack information sufficient to admit or deny the allegations in this paragraph.

47.     Defendants lack information sufficient to admit or deny the allegations in this paragraph.

48.     Defendants lack information sufficient to admit or deny the allegations in this paragraph.

49.     Defendants lack information sufficient to admit or deny the allegations in this paragraph.

50.     Defendants lack information sufficient to admit or deny the allegations in this paragraph.

51.     Defendants lack information sufficient to admit or deny the allegations in this paragraph.

52.     Defendants lack information sufficient to admit or deny the allegations in this paragraph.

53.     Defendants lack information sufficient to admit or deny the allegations in this paragraph.

54.   Defendants lack information sufficient to admit or deny the allegations in this paragraph.

55.   Defendants lack information sufficient to admit or deny the allegations in this paragraph.

56.   This paragraph consists of Plaintiffs' characterization of the Religious Freedom Restoration Act (RFRA), not allegations of fact to which a response is required. To the extent a response is required, deny and respectfully refer the Court to the cited statute for a full and accurate statement of its contents.

57.   This paragraph consists of legal conclusions, not allegations of fact to which a response is required.

58.   This paragraph consists of legal conclusions, not allegations of fact to which a response is required.

59.   This paragraph consists of Plaintiffs' characterization of this suit, not allegations of fact to which a response is required.

60.   This paragraph consists of Plaintiffs' characterization of this suit, not allegations of fact to which a response is required.

61.   This paragraph consists of legal conclusions, not allegations of fact to which a response is required.

62.   This paragraph consists of legal conclusions, not allegations of fact to which a response is required.

63.   This paragraph consists of legal conclusions, not allegations of fact to which a response is required.

64.   This paragraph consists of Plaintiffs' characterization of this suit, not allegations of fact to which a response is required.

65.   This paragraph consists of Plaintiffs' characterization of this suit, not allegations of fact to

which a response is required.

66.   This paragraph consists of legal conclusions, not allegations of fact to which a response is required.

67.   This paragraph consists of Plaintiffs' characterization of this suit, not allegations of fact to which a response is required.

68.   This paragraph consists of Plaintiffs' characterization of this suit, not allegations of fact to which a response is required.

69.   This paragraph consists of legal conclusions, not allegations of fact to which a response is required.

70.   This paragraph consists of legal conclusions, not allegations of fact to which a response is required.

71.   This paragraph consists of Plaintiffs' characterization of this suit, not allegations of fact to which a response is required.

72.   This paragraph consists of Plaintiffs' characterization of this suit, not allegations of fact to which a response is required.

73.   This paragraph consists of legal conclusions, not allegations of fact to which a response is required.

74.   This paragraph consists of Plaintiffs' characterization of this suit, not allegations of fact to which a response is required.

75.   This paragraph consists of Plaintiffs' characterization of this suit, not allegations of fact to which a response is required.

76.   This paragraph consists of legal conclusions, not allegations of fact to which a response is required.

77.     Defendants lack information sufficient to admit or deny the allegations in this paragraph.

78.     This paragraph consists of legal conclusions, not allegations of fact to which a response is required.

79.     This paragraph consists of legal conclusions, not allegations of fact to which a response is required.

80.     The first sentence consists of legal conclusions, not allegations of fact to which a response is required. Defendants lack information sufficient to admit or deny the allegations in the remaining sentences.

81.     This paragraph consists of legal conclusions, not allegations of fact to which a response is required.

82.     The first and fifth sentences consist of legal conclusions, not allegations of fact to which a response is required. The second, third, and fourth sentences consist of Plaintiffs' characterization of the Bible, not allegations of fact to which a response is required.

83.     This paragraph consists of legal conclusions, not allegations of fact to which a response is required.

84.     Defendants lack information sufficient to admit or deny the allegations in this paragraph.

85.     This paragraph consists of legal conclusions, not allegations of fact to which a response is required.

86.     This paragraph consists of legal conclusions, not allegations of fact to which a response is required.

87.     The first sentence consists of legal conclusions, not allegations of fact to which a response is required. Defendants lack information sufficient to admit or deny the allegations in the remaining sentences.

8

88.     This paragraph consists of legal conclusions, not allegations of fact to which a response is required.

89.     The first and fifth sentences consist of legal conclusions, not allegations of fact to which a response is required. The second, third, and fourth sentences consist of Plaintiffs' characterization of the Bible, not allegations of fact to which a response is required.

90.     This paragraph consists of legal conclusions, not allegations of fact to which a response is required.

91.     This paragraph consists of legal conclusions, not allegations of fact to which a response is required.

92.     This paragraph consists of legal conclusions, not allegations of fact to which a response is required.

93.     This paragraph consists of legal conclusions, not allegations of fact to which a response is required.

94.     This paragraph consists of legal conclusions, not allegations of fact to which a response is required.

95.     Deny.

96.     This paragraph consists of Plaintiffs' characterization of this suit, not allegations of fact to which a response is required.

97.     This paragraph consists of Plaintiffs' characterization of this suit, not allegations of fact to which a response is required.

98.     This paragraph consists of legal conclusions, not allegations of fact to which a response is required.

99.     This paragraph consists of legal conclusions, not allegations of fact to which a response is

required.

100. This paragraph consists of legal conclusions, not allegations of fact to which a response is required.

101. This paragraph consists of legal conclusions, not allegations of fact to which a response is required.

102. This paragraph consists of legal conclusions, not allegations of fact to which a response is required.

103. This paragraph consists of legal conclusions, not allegations of fact to which a response is required.

104. This paragraph consists of Plaintiffs' request for relief, not allegations of fact to which a response is required. To the extent that a response is required, deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## AFFIRMATIVE DEFENSES

A. The Court lacks subject matter jurisdiction.

B. Plaintiffs fail to state a claim upon which relief may be granted.

C. Defendants are immune from suit because Plaintiffs have not pointed to an applicable waiver of sovereign immunity. *See Dep't of the Army v. Fed. Labor Relations Auth.*, 56 F.3d 273, 275 (D.C. Cir. 1995).

D.    Venue is inappropriate with respect to U.S. Pastor Council and Braidwood Management, Inc. because (1) they do not reside in this judicial district, (2) a substantial part of the events giving rise to their claims did not occur in this judicial district, and (3) there is another district in which this action could be brought. *See* 28 U.S.C. § 1391.

Dated: February 9, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

CARLOTTA WELLS
Assistant Branch Director

*Benjamin T. Takemoto*
BENJAMIN T. TAKEMOTO
(DC Bar # 1045253)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4252
Fax: (202) 616-8460
E-mail: benjamin.takemoto@usdoj.gov

*Attorneys for Defendants*

11