IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BEAR CREEK BIBLE CHURCH et al., <br><br> Plaintiffs, <br><br> v. <br><br> EQUAL EMPLOYMENT OPPORTUNITY COMMISSION et al., <br><br> Defendants. | Civil Action No. 4:18-CV-824-O |

## DEFENDANTS' SUPPLEMENTAL BRIEF

Following briefing and a hearing on the cross-motions for summary judgment, the Court ordered the parties to "submit briefing stating their positions on whether the text of the statutory exemptions for religious employers could exempt Bear Creek Bible Church or Braidwood Management Inc. from the mandates of Title VII." Order, ECF No. 110. However, without a factual record arising from the investigation of a particular employment discrimination charge, the EEOC cannot evaluate whether the religious organization exception "could" exempt specific employment actions by Plaintiffs. Evaluating the exemption's applicability in a vacuum, without reference to a specific employment decision, would be an abstract exercise and the basis of an advisory opinion. Defendants nevertheless set forth below an explanation of the exemption and the criteria that must be satisfied for it to apply to an employer in a particular case.

The religious organization exemption provides that Title VII "shall not apply. . . with respect to the employment of individuals of a particular religion to perform work connected with the carrying on [of the religious organization's] activities." 42 U.S.C. § 2000e-1(a). If an individual files a charge with the EEOC, the EEOC investigates those allegations. During the investigation,

the employer may assert the religious organization exemption. In response to such an assertion, the EEOC would consider (1) whether the entity is a religious organization and, if so, (2) whether the challenged employment decision falls within the scope of the religious organization exemption. *See* Compliance Manual on Religious Discrimination § 12-1-C-1 (Jan. 15, 2021) [hereinafter Compliance Manual]. In conducting this inquiry, the EEOC would "consider the facts on a case-by-case basis." *Id.* And, if an exemption applies, the EEOC dismisses the charge. *See, e.g.*, *Newsome v. EEOC*, 301 F.3d 227, 229–30 (5th Cir. 2002).

### I.     Whether An Entity Qualifies as a Religious Organization.

The Fifth Circuit has not defined the types of entities to which the religious organization exemption may apply. Other courts, however, have set forth a list of factors to consider, and the EEOC relies on those factors:

> (1) whether the entity operates for a profit; (2) whether it produces a secular product; (3) whether the entity's articles of incorporation or other pertinent documents state a religious purpose; (4) whether it is owned, affiliated with or financially supported by a formally religious entity such as a church or synagogue; (5) whether a formally religious entity participates in the management, for instance by having representatives on the board of trustees; (6) whether the entity holds itself out to the public as secular or sectarian; (7) whether the entity regularly includes prayer or other forms of worship in its activities; (8) whether it includes religious instruction in its curriculum, to the extent it is an educational institution; and (9) whether its membership is made up of coreligionists."

Compliance Manual § 12-1-C-1 (citing *LeBoon v. Lancaster Jewish Cmty. Ctr.*, 503 F.3d 217, 226 (3d Cir. 2007)). The balancing of these factors is conducted "on a case-by-case basis; no one factor is dispositive in determining if a covered entity is a religious organization under Title VII's exemption." *Id.*

Because this lawsuit was filed without a specific charge of discrimination and, accordingly, without an investigation, the EEOC cannot conclude whether Plaintiffs are subject to the religious organization exemption. When an employer invokes the exemption, the EEOC investigates the

merits of that assertion and seeks information relating to the factors delineated above. Here, where no employee of either Plaintiff has filed a discrimination charge, the requisite factual record is lacking.

Although with respect to Braidwood, the Hotze Declaration provides some relevant factual background, it does not contain sufficient information for the EEOC to determine whether Braidwood is a religious organization. Such a determination would be based on facts that an investigator uncovers following a charge. If Braidwood invoked the religious organization exemption in an actual investigation, the EEOC could probe the credibility of relevant witnesses and undertake further factual investigation to develop a complete record. Evaluating the credibility and significance of the statements in the declaration as they relate to the criteria for religious organizations would be particularly important with respect to an entity such as Braidwood because, based on the assertions in the Hotze Declaration, it appears that some factors could weigh against a conclusion that Braidwood would be exempt (e.g., it operates for profit) and others could weigh in favor of such a conclusion (e.g., Braidwood staff begins each work day with prayer).[1]

And although churches typically qualify as religious organizations, the EEOC still cannot definitively conclude that Bear Creek Bible Church is a religious organization without a factual record developed from an investigation.

II. **Whether a Hypothetical Employment Decision Falls within the Scope of the Religious Organization Exemption.**

If the EEOC determines—in response to a hypothetical discrimination charge—that an employer is a religious organization, the EEOC would next consider whether the exemption

---

[1] Plaintiffs further assert that if these factors are set aside, Braidwood "undoubtedly" qualifies as a religious organization based on the text of Section 702(a). Pls.' Suppl. Br. 4, ECF No. 111. Plaintiffs cite no direct legal authority for this proposition; indeed, the only Title VII authority that Plaintiffs cite apply a multi-factor test to determine whether an entity is a religious organization.

applies to the challenged employment action. If a religious institution "presents convincing evidence that the challenged employment practice resulted from discrimination on the basis of religion," the EEOC would cease its investigation of the employer and dismiss the charge based on the religious organization exemption. *EEOC v. Mississippi College*, 626 F.2d 477, 485 (5th Cir. 1980). Consistent with applicable equal employment opportunity laws, the prerogative of a religious organization to employ individuals of a particular religion "has been interpreted to include the decision to terminate an employee whose conduct or religious beliefs are inconsistent with those of its employer." Compliance Manual § 12-1-C-1 (citing *Hall v. Baptist Mem'l Health Care Corp.*, 215 F.3d 618, 624 (6th Cir. 2000)).

Of course, an investigation could reveal that invocation of the religious organization exemption was a pretext for prohibited discrimination. *See* Compliance Manual § 12-1-C-1 ("Courts have held that the religious organization's assertion that the challenged employment decision was made on the basis of religion is subject to a pretext inquiry where the employee has the burden to prove pretext.") (citing *Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc.*, 450 F.3d 130, 141 (3d Cir. 2006)). As with all aspects of this exemption, pretext is a fact-specific inquiry. In *Mississippi College*, for example, the Fifth Circuit held that despite the existence of a general religious preference policy, the district court needed to analyze how that policy was applied to each particular employment decision and whether the policy was "a guise to hide some other form of discrimination." 626 F.2d at 486.

Because (1) there is no evidence that Plaintiffs have taken an employment action that would give rise to a sexual orientation or gender identity discrimination charge, (2) no one has filed a discrimination charge against Plaintiffs, and (3) no investigation has taken place, it is impossible to assess whether the religious organization exemption would apply to Plaintiffs. Plaintiffs strain

to reframe this inquiry as whether their "*desire* to exclude homosexuals and transgender individuals from employment pertains to the 'employment of individuals of a particular religion.'" Pls.' Suppl. Br. 5 (emphasis added). But the religious organization exemption does not insulate an employer's "desires." Rather, it exempts religious organizations from Title VII's application "with respect to the employment of individuals of a particular religion to perform work connected with the carrying on [of the religious organization's] activities." 42 U.S.C. § 2000e-1(a). And no such employment circumstance exists in this case.

At bottom, it is impossible to determine in a vacuum whether the religious organization exemption would apply to Plaintiffs were a charge to be filed due to a future hypothetical employment action. To be sure, it is *possible* that the religious organization exemption (or indeed the ministerial exemption) might apply in a concrete factual setting. But that possibility simply reinforces Defendants' position that this case is unripe and that Plaintiffs lack standing.

Dated: September 30, 2021          Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

CARLOTTA WELLS
Assistant Branch Director
Civil Division, Federal Programs Branch

*Benjamin T. Takemoto*
BENJAMIN T. TAKEMOTO
(DC Bar # 1045253)
MICHAEL F. KNAPP
(CA Bar. # 314104)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4252

5

Fax: (202) 616-8460<br>
E-mail: benjamin.takemoto@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

On September 30, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) or the local rules.

*Benjamin T. Takemoto*<br>
BENJAMIN T. TAKEMOTO