IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BEAR CREEK BIBLE CHURCH et al., <br><br> Plaintiffs, <br><br> v. <br><br> EQUAL EMPLOYMENT OPPORTUNITY COMMISSION et al., <br><br> Defendants. | Civil Action No. 4:18-CV-824-O |

**<u>DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION</u>**

Defendants respectfully request that the Court reconsider its October 31, 2021, Memorandum Opinion and Order, ECF No. 118. The Court denied Defendants' Motion for Summary Judgment in part because, it held, the United States waived sovereign immunity. In support, the Court relied on what it believed to be a concession that certain EEOC actions adversely affected or aggrieved Plaintiffs. However, that supposed concession was based on an error in the transcript that has since been corrected. And in any event, Defendants have consistently argued in their briefing and at the motions hearing that Plaintiffs have *not* been aggrieved. A false concession to the contrary should not be the basis for the Court's sovereign immunity holding, so it should be reconsidered.

"Interlocutory orders . . . are left within the plenary power of the court that rendered them to afford such relief from them as justice requires." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (quoting *Zimzores v. VA*, 778 F.2d 264, 266 (5th Cir. 1985)). Such orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities," Fed. R. Civ. P. 54(b), and "for any reason [the trial court] deems

sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law," *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)).

In its October 31, 2021, Memorandum Opinion and Order, the Court held that Defendants waived sovereign immunity because certain EEOC actions imposed a "legal wrong" against Plaintiffs or otherwise adversely affected or aggrieved Plaintiffs. *See* Mem. Op. & Order 25. The Court stated, "There is no dispute that Plaintiffs' non-RFRA claims satisfy these two requirements, and the parties agree that Plaintiffs have been aggrieved by that action." *Id.* In support, the Court cited page 62 of the transcript. On the previous page of the transcript, the Court had asked, "And so your argument is not that there's not final agency action; your argument is that they have not shown that they have been aggrieved in a particular way?" Tr. 61, ECF No. 109. Government counsel responded "Yeah. And—well, both." Tr. 62. The original transcript then recorded counsel as saying, "They have been aggrieved, but not quite final agency action. But they haven't pointed to—they haven't challenged any agency action." *Id.*

This line was incorrectly recorded and has now been corrected. As reflected in the corrected transcript, government counsel actually said, "They *haven't* been aggrieved." Corrected Tr. 62. Accordingly, the basis for the Court's holding that "the parties agree that Plaintiffs have been aggrieved by that action," Mem. Op. & Order 25, is an incorrect statement and, thus, the holding itself should be reconsidered.

At any rate, in the context of numerous occasions in the briefing and at the motions hearing, it is clear that Defendants have consistently maintained that Plaintiffs were *not* aggrieved by any EEOC action. In the sentence before the mistakenly recorded concession, counsel stated that Plaintiffs "both" have not identified an agency action affecting them in a specific way *and* were

not aggrieved by any such action. *Id.* And in the same colloquy, counsel repeatedly argued that Plaintiffs were not aggrieved by an agency action. *See* Tr. 61 (stating that Plaintiffs "haven't pointed to any legal wrong that they've suffered"); *id.* (stating that Plaintiffs "point to the guidance documents, *but they don't show how it's affected them in any specific way*" (emphasis added)); *see also id.* (stating that the guidance documents "explicitly don't have any legal effect" and that "[t]hey cannot have any legal effect because the EEOC can't do that sort of regulation"). Further underscoring Defendants' actual position, counsel began the hearing by arguing that Plaintiffs were not aggrieved: "these guidance documents, even if the Court were to construe them as being challenged in this case, have no legal effect. So plaintiffs can't point in any way to how they've suffered a legal wrong because of the challenged agency action. It cannot be that they simply disagree. They have to actually point to a legal consequence of that agency action." Tr. 26.

It is also apparent from the summary judgment briefing that Defendants have made no concession that Plaintiffs were aggrieved by the guidance documents. On the contrary, Defendants' central argument was that Plaintiffs were not aggrieved by any EEOC action. *See* Br. 1 ("At the summary judgment phase, Plaintiffs have a burden to set forth evidence that there is an actual case or controversy. Plaintiffs have fallen far short, as they have not shown that they suffered any injury, let alone one caused by the EEOC."). And on the second sovereign immunity prong in particular, Defendants argued that Plaintiffs "have not pointed to any legal wrong that such agency action caused or to any adverse effect within the meaning of a relevant statute." Defs.' Br. 14, ECF No. 96; *see also* Defs.' Reply 11, ECF No. 104 (arguing that Plaintiffs have not "suffered legal wrong" because of the *Harris Funeral Home* litigation).

In sum, the basis for the Court's sovereign immunity holding was an error in the transcript and an incorrect characterization of Defendants' argument. The Court should accordingly

reconsider that holding.

Dated: November 10, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

CARLOTTA WELLS
Assistant Branch Director
Civil Division, Federal Programs Branch

*/s/ Benjamin Takemoto*
BENJAMIN T. TAKEMOTO
(DC Bar # 1045253)
MICHAEL F. KNAPP
(CA Bar. # 314104)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4252
Fax: (202) 616-8460
E-mail: benjamin.takemoto@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

On November 10, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) or the local rules.

*/s/ Benjamin Takemoto*
BENJAMIN T. TAKEMOTO