UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **Bear Creek Bible Church**, et al., | |
| Plaintiffs, | |
| v. | Case No. 4:18-cv-00824-O |
| **Equal Employment Opportunity Commission**, et al., | |
| Defendants. | |

## PLAINTIFFS' RESPONSE TO THE DEFENDANTS' MOTION FOR RECONSIDERATION

The plaintiffs acknowledge the transcription error described in the defendants' motion for reconsideration, and we agree that the defendants did not concede in their briefing or oral presentation that the EEOC's actions aggrieved the plaintiffs within the meaning of 5 U.S.C. § 702. The plaintiffs therefore do not oppose the defendants' motion to the extent it asks the Court to remove its claim that the defendants conceded this point.

The plaintiffs, however, believe that the Court's conclusion that the plaintiffs are "adversely affected or aggrieved" by the EEOC's actions remains sound and should not be disturbed. The EEOC's adjudications and guidance documents announcing that Title VII outlaws employment discrimination on account of sexual orientation or gender identity, as well as the lawsuit that the EEOC brought against Harris Funeral Homes, "affect" the plaintiffs by threatening them with possible enforcement action if they fail to comply with the EEOC's announced interpretations of Title VII. *See* Salvesen Decl. (ECF No. 90-4) at ¶ 17; Hotze Decl. (ECF No. 90-5) at ¶ 18. And the plaintiffs are "adversely affected or aggrieved" by the *in terrorem* effects of these

challenged agency actions. So the Court correctly held that the United States waived sovereign immunity under 5 U.S.C. § 702 and *Alabama-Coushatta Tribe of Texas v. United States*, 757 F.3d 484 (5th Cir. 2014).

CONCLUSION

The defendants' motion for reconsideration should be granted to the extent it asks the Court to remove the citation of the transcript, which mistakenly recorded Mr. Takemoto as conceding that the plaintiffs have been aggrieved by the EEOC's actions, and well as the Court's claim that defendants' counsel conceded this point. The Court should reaffirm its conclusion that the defendants waived sovereign immunity under 5 U.S.C. § 702.

Respectfully submitted.

Gene P. Hamilton
Virginia Bar No. 80434
Vice-President and General Counsel
America First Legal Foundation
300 Independence Avenue SE
Washington, DC 20003
(202) 964-3721 (phone)
gene.hamilton@aflegal.org

H. Dustin Fillmore III
Texas Bar No. 06996010
Charles W. Fillmore
Texas Bar No. 00785861
The Fillmore Law Firm, LLP
201 Main Street, Suite 801
Fort Worth, Texas 76102
(817) 332-2351 (phone)
(817) 870-1859 (fax)
dusty@fillmorefirm.com
chad@fillmorefirm.com

Dated: November 19, 2021

 /s/ Jonathan F. Mitchell 
Jonathan F. Mitchell
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

*Counsel for Plaintiffs and
the Proposed Classes*

## CERTIFICATE OF SERVICE

I certify that on November 19, 2021, I served this document through CM/ECF

upon:

Benjamin T. Takemoto
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
(202) 532-4252 (phone)
(202) 616-8460 (fax)
benjamin.takemoto@usdoj.gov

*Counsel for the Defendants*

                                                   /s/ Jonathan F. Mitchell
                                                  Jonathan F. Mitchell
                                                  *Counsel for Plaintiffs and*
                                                  *the Proposed Classes*