IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BEAR CREEK BIBLE CHURCH et al., <br><br> Plaintiffs, <br><br> v. <br><br> EQUAL EMPLOYMENT OPPORTUNITY COMMISSION et al., <br><br> Defendants. | Civil Action No. 4:18-CV-824-O |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND FINAL JUDGMENT AND TO ENTER A CLASS CERTIFICATION ORDER**

The Court has already issued a class certification order, ECF No. 124, and final judgment, ECF No. 126. Now, after this case has closed, Plaintiffs ask the Court to issue a *new* class certification order and an amended judgment without identifying any valid legal basis for doing so. Although the Federal Rules of Civil Procedure permit amending the judgment or an order following entry of final judgment under certain narrow circumstances, such as a clerical error or manifest error of law, none of those circumstances is present here. The Court accordingly should deny Plaintiffs' Motion to Amend Final Judgment, ECF No. 130, and Motion to Enter a Class Certification Order, ECF No. 129.

Generally, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). In considering whether to revisit a final judgment, "[t]he district court must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). Although Plaintiffs do not identify a legal basis for their motions, the Federal Rules of Civil Procedure permit motions to amend the judgment

under two narrow circumstances, neither of which is present here.

First, Rule 59(e) permits a party to file "a motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment" to conform to "an intervening change in the controlling law," *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003), "to correct manifest errors of law or fact[,] or to present newly discovered evidence," *Templet*, 367 F.3d at 479. "A Rule 59(e) motion calls into question the correctness of a judgment." *Id.* at 478 (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Accordingly, it "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 479.

Second, Rule 60 permits a party to seek "relief from a judgment or order" either to "correct a clerical mistake or a mistake arising from oversight or omission," Fed. R. Civ. P. 60(a), or "under a limited set of circumstances including fraud, mistake, and newly discovered evidence," *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Most of the bases for relief under Rule 60(b) are specifically delineated.[1] And although the last basis—"any other reason that justifies relief"—appears to be

---

[1] Specifically, Rule 60(b) provides as follows:
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Such a motion "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

2

broad on its face, courts have applied the provision narrowly by requiring "a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment." *Id.* (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)); *see also Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) ("Although we frequently have recognized that 'Rule 60(b)(6) is a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses,' we have also narrowly circumscribed its availability, holding that Rule 60(b)(6) relief 'will be granted only if extraordinary circumstances are present.'" (quoting *Government Fin. Servs. One Ltd. Partnership v. Peyton Place, Inc.*, 62 F.3d 767, 773 (5th Cir.1995); *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990))). As a result, "[c]ourts have found few narrowly-defined situations that clearly present 'other reasons justifying relief.'" § 2864 Other Reasons Justifying Relief, 11 Fed. Prac. & Proc. Civ. § 2864 (3d ed.) (quoting Fed. R. Civ. P. 60(b)(6)). For example, even "[a] change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment." *Bailey*, 894 F.2d at 160.

Plaintiffs fail to articulate any basis demonstrating that reconsideration is appropriate under the stringent standard of these rules. To be sure, Plaintiffs would *like* a class certification order and judgment that go beyond the Court's current class certification order and judgment. For example, Plaintiffs ask the Court to issue an injunction requiring the EEOC to amend its brochures, Pls.' Mot. Amend Final J. 3, and to include language that would broaden the two certified classes, Pls.' Mot. Enter a Class Certification Order 1. But *wanting* more relief than was granted is not a sufficient basis to amend the final judgment under either Rule 59(e) or Rule 60—Plaintiffs must either show that the Court's judgment was manifestly erroneous based on new legal theories that could not have been raised while the case was active, *see Templet*, 367 F.3d at 479, or show that

3

one of the bases for relief under Rule 60 supports revisiting the judgment or class certification order. Their motion fails to do so.

Plaintiffs first ask for a new class certification order containing broader definitions of the certified classes and an explicit appointment of class counsel. Rule 60 would be the only avenue for revisiting the current class certification order since Rule 59(e) applies only to judgments. But relief under Rule 60 is foreclosed here because Plaintiffs have not met their burden of identifying a clerical mistake, newly discovered evidence, fraud, void judgment, or a satisfied, released, or discharged judgment. Nor have they identified any "extraordinary circumstances," *Batts*, 66 F.3d at 747, that would warrant relief under Rule 60(b)(6). Rather, they simply re-litigate disputes over the scope of the certified classes, which the Court has already resolved. *See* Am. Op. & Order 27–28. In fact, the proposed class certification order completely departs from the definitions in the current order. *Compare id.* (defining the "Religious Business-Type Employers Class" as "for-profit entities producing a secular product" for which "faith may be a motivating part of the businesses' missions" even if "their incorporating documents generally do not include a religious purpose"), *with* Proposed Class Certification Order (defining the "Objecting Religious-Employer Class" as "Every employer in the United States that: (1) opposes homosexual or transgender behavior for sincere religious reasons; and (2) is not exempt from Title VII's prohibition on sex discrimination under 42 U.S.C. § 2000e-1(a)"). To the extent that Plaintiffs' motion has any merit, it is limited to their request that the Court formally appoint class counsel. Rule 23(c) requires the Court to appoint class counsel, and the order granting in part Plaintiffs' class certification motion did not explicitly do so. If this was an oversight on the part of the Court, Rule 60(a) would permit the Court to correct that oversight, but nothing more.

Plaintiffs' request for an amended judgment is inappropriate as well. Relief under Rule

4

59(e) is unwarranted: Plaintiffs have not identified an intervening change in law or new facts. And they have not explained how their proposed judgment corrects a manifest legal error without using "arguments which could, and should, have been made before the judgment issued." *Schiller*, 342 F.3d at 567. In fact, in many respects, Plaintiffs' proposed judgment would itself be a manifest error of law. For example, Plaintiffs ask the Court to issue an injunction, *see* Pls.' Mot. Amend J. 3, even though they never asked for an injunction while the case was pending. The complaints did not seek such relief. *See, e.g.*, 4th Am. Compl. ¶¶ 53, 58, 61, 64, 67, ECF No. 86. In fact, Plaintiffs specifically disclaimed seeking certain injunctive relief in the proposed judgment, such as an order that EEOC alter agency documents. *See* Aug. 27, 2021 Mots. Hr'g Tr. 69–72, ECF No. 109. Moreover, Plaintiffs do not explain now—and did not explain while the case was pending—why an injunction is warranted. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (articulating the factors a court must consider before entering a permanent injunction). Issuing an injunction without the requisite analysis after the Court has entered final judgment would itself be manifest error, as well as unjust. Plaintiffs' request for injunctive relief should have been presented in one of the complaints or in submissions while the case was active—"arguments which could, and should, have been made before the judgment issued" cannot be considered after final judgment. *See Schiller*, 342 F.3d at 567.

Plaintiffs also ask the Court to issue a declaratory judgment "that section 702(a) of Title VII (42 U.S.C. § 2000e-1(a)) exempts Bear Creek Bible Church" from certain provisions of Title VII and an injunction not to enforce Title VII against Bear Creek Bible Church in certain respects. *See* Pls.' Proposed Judgment 1–2, ECF No. 130-1; *see also* Pls.' Mot. Amend J. 3. However, injunctions and declaratory judgments are awarded only to the *prevailing party. See Lefemine v. Wideman*, 568 U.S. 1, 4 (2012). There is therefore no basis to award relief to Bear Creek Bible

5

Church, *against whom* summary judgment was entered. *See* Am. Op. & Order 42–43. And, again, Plaintiffs could have sought this relief in one of their complaints or before entry of final judgment. In fact, the Court even pointed out that Plaintiffs "do not appear to seek a declaration as to whether Bear Creek Bible Church and/or Braidwood Management Inc. would fit within the existing Title VII religious exemption, nor whether the current scope of that exemption already protects them from Defendants' enforcement actions related to their employment policies." *See* Sept. 16, 2021 Order 1 n.1, ECF No. 110.

Amending the judgment pursuant to Rule 60 is also unwarranted. Plaintiffs have identified no clerical mistake, newly discovered evidence, fraud, void judgment, or a satisfied, released, or discharged judgment associated with the final judgment. And they have not identified "extraordinary circumstances" that render the existing judgment such an egregious misapplication of law and equity that it is one of the few cases where a court should grant relief under Rule 60(b)(6). To the contrary, the Court entered a judgment that tracks the analysis in the Amended Opinion and Order, in contrast to Plaintiffs' proposed judgment, *see, e.g.*, Proposed Judgment 6 (requesting an injunction against the EEOC to limit "sex-neutral rules of conduct that apply equally to members of both biological sexes" without regard to whether those rules discriminate on the basis of sexual orientation or gender identity). Satisfying Plaintiffs' desire for a broader, unmerited judgment when the existing judgment is legally sound is far removed from the exceedingly limited circumstances in which courts have granted relief under Rule 60(b)(6), *see, e.g.*, *Tubbs v. Campbell*, 731 F.2d 1214, 1215–16 (5th Cir. 1984) (awarding relief because the clerk incorrectly informed the parties that judgment was not entered, thus preventing one party from appealing).

In sum, because Plaintiffs have identified no valid basis for issuing a new class certification order or amended judgment, their motions should be denied.

Dated: December 30, 2021                               Respectfully submitted,

                                                       BRIAN M. BOYNTON
                                                       Acting Assistant Attorney General
                                                       Civil Division

                                                       CARLOTTA WELLS
                                                       Assistant Branch Director
                                                       Civil Division, Federal Programs Branch

                                                       */s/ Benjamin Takemoto*
                                                       BENJAMIN T. TAKEMOTO
                                                       (DC Bar # 1045253)
                                                       MICHAEL F. KNAPP
                                                       (CA Bar. # 314104)
                                                       Trial Attorneys
                                                       United States Department of Justice
                                                       Civil Division, Federal Programs Branch
                                                       P.O. Box No. 883, Ben Franklin Station
                                                       Washington, DC 20044
                                                       Phone: (202) 532-4252
                                                       Fax: (202) 616-8460
                                                       E-mail: benjamin.takemoto@usdoj.gov

                                                       *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

On December 30, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) or the local rules.

                                                       */s/ Benjamin Takemoto*
                                                       BENJAMIN T. TAKEMOTO