IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BEAR CREEK BIBLE CREEK et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-00824-O |
| | § | |
| EQUAL EMPLOYMENT | § | |
| OPPORTUNITY COMMISSION et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court is Plaintiffs' Motion to Amend/Correct Class-Certification Order (ECF No. 129), filed December 22, 2021; Plaintiffs' Motion to Amend/Correct Final Judgment (ECF No. 130), filed December 22, 2021; Defendants' Response (ECF No. 132), filed December 30, 2022; and Plaintiffs' Reply[1] (ECF No. 134), filed January 9, 2022. The Court addresses each of Plaintiffs' Motions in turn.

## I.     Class Certification Order

Plaintiffs ask the Court to appoint class counsel pursuant to Rule 23(c)(1)(B), which states: "An order that certifies a class action must define the class and the class claims, issues, or defenses, and must appoint class counsel under Rule 23(g)." Fed. R. Civ. P. 23(c)(1)(B). In addition, Plaintiffs propose new language defining the two classes certified in the Amended Memorandum Opinion. *See* ECF No. 124; ECF No. 129. In opposition, Defendants argue (1) Plaintiffs have not identified grounds for amendment of the class-certification order under Rule 60, and (2) Plaintiffs' proposed class definitions are far broader than the definitions in the existing Memorandum

---

[1] The Court **GRANTS** Plaintiffs' Unopposed Motion for Leave to File Reply Brief in Excess of the Page Limit (ECF No. 133), filed January 9, 2022.

1

Opinion. Defs.' Br. 4, ECF No. 132. For the reasons below, the Court finds that Plaintiffs' Motion to Amend/Correct Class-Certification Order must be **GRANTED in part** and **DENIED in part.**

Rule 60 allows the Court to "correct a clerical mistake or mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). Here, the Court neglected to appoint class counsel as required by Rule 23(c)(1)(B). The Court **GRANTS** Plaintiffs' Motion on this matter and appoints Jonathan F. Mitchell, Gene P. Hamilton, Charles W. Fillmore, and H. Dustin Fillmore as class counsel for both the Religious Business-Type Employers Class and the All Opposing Employers Class.

The Court declines to adopt Plaintiffs' expansive language defining the two classes. In the Amended Memorandum Opinion, this Court divided Plaintiffs' proposed "Religious Employers Class," creating the "Church-Type Employers Class" and the "Religious Business-Type Employers Class." Am. Mem. Op. 27, ECF No. 124. Because the Church-Type Employers Class did not satisfy the commonality prong, it could not be certified. *Id.* The Court characterized the members of the Religious Business-Type Employers Class as:

> for-profit entities producing a secular product. While faith may be a motivating part of the businesses' missions, their incorporating documents generally do not include a religious purpose. For an employer like Braidwood, religion plays an important role, but is not the sole mission of the organization.

*Id.* By contrast, Plaintiffs' proposed order defines its "Religious Employer Class" as:

> Every employer in the Untied States that: (1) opposes homosexual or transgender behavior for sincere religious reasons; and (2) is not exempt from Title VII's prohibition on sex discrimination under 42 U.S.C. § 2000(e)-1(a).

Proposed Order 1, ECF No. 129-1. Under Plaintiffs' proposed definition, a religious nonprofit that falls short of Title VII exemption would be subsumed into a vast Religious Employer Class, even if it does not resemble a Braidwood-type for-profit business. Using such a broad definition could

defeat commonality and render the class imprecise. There has been no mistake, newly discovered evidence, or other extraordinary circumstances that warrant such a departure from the Memorandum Opinion's class definitions. *See* Fed. R. Civ. P. 60(b)(6). Thus, the Court **DENIES** Plaintiffs' Motion with respect to the proposed class certification definitions.

## II. Final Judgment

In their Motion to Amend Final Judgment (ECF No. 130), Plaintiffs argue that the Court's final judgment should include the following declaratory or injunctive relief: (1) declaratory judgment that Bear Creek Bible Church is exempt from Title VII, and (2) injunction that prevents the EEOC from enforcing Title VII against Bear Creek. Plaintiffs also ask the Court to include in the judgment an order requiring the EEOC to "amend its existing brochures, guidance documents, technical-assistance documents, interpretive rules, general statements of policy, websites and web pages . . . to include in those documents an explicit acknowledgement of the protections conferred by this Court's final judgement." Mot. Amend Final J. 3, ECF No. 130.

Defendants contend that Plaintiffs have not articulated a reason to amend the judgment under Rule 59(e) and 60(b). Revisiting a final judgment is an "extraordinary remedy," and Plaintiffs have not shown extraordinary circumstances like an error or newly discovered evidence. *See* Fed. R. Civ. P. 60(b). Moreover, Defendants claim Plaintiffs are seeking relief they never requested when the case was pending.

"A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (cleaned up). In their reply, Plaintiffs insist that there has been a "mistake," because the Court issued judgment before parties had

3

submitted the proposed final judgment they promised in their joint status report on November 15. Pls.' Reply 10, ECF No. 134. But even if Plaintiffs had submitted their proposed order prior to the Court's final judgment, granting injunctive relief to the Church-Type Employers would have been inappropriate.

In its Amended Memorandum Opinion, the Court concluded Bear Creek Church is exempt from Title VII based on the *LeBoon* factors and declined to certify the Church-Type Employers Class. Consequently, the Court denied Plaintiffs' Motion to Certify that class and granted summary judgment in favor of the Defendants on the Church's Title VII claims. Because the Court rejected the Church's Title VII claims entirely, it does not award declaratory or injunctive relief on this basis.

Finally, Plaintiffs have asked the Court to order changes within the EEOC. Plaintiffs allege that they preserved their requested remedy by asking for "all other relief that the Court deems just, proper, or equitable." Pls.' Reply 18 (citing Fourth Am. Compl. ¶ 87, ECF No. 86). But this catch-all request did not provide notice for this remedy. Plaintiffs *could* have raised their specific requests prior to judgment, but they did not. The Court declines to award such relief now.

Accordingly, the Court will **GRANT in part** and **DENY in part** Plaintiffs' Motion to Amend/Correct Final Judgment.

**SO ORDERED** on this **12th day** of **January, 2022**.

Reed O'Connor
UNITED STATES DISTRICT JUDGE

4