UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **Bear Creek Bible Church**, et al. <br><br> Plaintiffs, <br><br> v. <br><br> **Equal Employment Opportunity Commission**, et al., <br><br> Defendants. | Case No. 4:18-cv-00824-O |

## [PROPOSED] FINAL JUDGMENT

On August 14, 2023, the U.S. Court of Appeals for the Fifth Circuit issued its mandate. ECF No. 144. In accordance with that mandate and the Court of Appeals opinion, the Court enters judgment as follows:

1. The Court enters judgment in favor of plaintiff Braidwood Management Inc. (Braidwood), and against defendants Equal Employment Opportunity Commission, the United States of America, and Charlotte A. Burrows, Jocelyn Samuels, Keith E. Sonderling, Andrea R. Lucas, and Gwendolyn Young Reams, in their official capacities as chair, vice chair, and commissioners of the Equal Employment Opportunity Commission, with respect to Braidwood's claim under the Religious Freedom Restoration Act claim (Count I). The Court awards relief to Braidwood as follows:

    a. The Court **DECLARES** that the Religious Freedom Restoration Act protects the rights of plaintiff Braidwood Management Inc. to:

    1. Refuse to employ individuals who engage in homosexual behavior or who have a homosexual or bisexual orientation;

    2. Refuse to employ individuals who are engaged in gender non-conforming behavior, including cross-dressing, transvestism, efforts to change

      or transition one's gender, or asserting a gender identity that departs from one's biological sex;

3. Refuse to recognize same-sex marriage or offer benefits to same-sex partners of their employees;

4. Enforce sex-specific dress and grooming codes; and

5. Prohibit its employees from entering or using restrooms or other facilities designated for the opposite biological sex.

b. Defendants Equal Employment Opportunity Commission, the United States of America, and Charlotte A. Burrows, Jocelyn Samuels, Keith E. Sonderling, Andrea R. Lucas, and Gwendolyn Young Reams, as well as their officers, agents, servants, employees, attorneys, designees, subordinates, and successors in office, as well as any person acting in concert or participation with them, are **ENJOINED** from interpreting, enforcing, or threatening to enforce Title VII in a manner that limits the right of plaintiff Braidwood Management Inc. to:

1. Refuse to employ individuals who engage in homosexual behavior or who have a homosexual or bisexual orientation;

2. Refuse to employ individuals who are engaged in gender non-conforming behavior, including cross-dressing, transvestism, efforts to change or transition one's gender, or asserting a gender identity that departs from one's biological sex;

3. Refuse to recognize same-sex marriage or offer benefits to same-sex partners of their employees;

4. Enforce sex-specific dress and grooming codes; and

5. Prohibit its employees from entering or using restrooms or other facilities designated for the opposite biological sex.

    c. Defendants Equal Employment Opportunity Commission, the United States of America, and Charlotte A. Burrows, Jocelyn Samuels, Keith E. Sonderling, Andrea R. Lucas, and Gwendolyn Young Reams, as well as their officers, agents, servants, employees, attorneys, designees, subordinates, and successors in office, as well as any person acting in concert or participation with them, are **ORDERED** to amend their existing brochures, guidance documents, technical-assistance documents, interpretative rules, general statements of policy, websites and web pages, and any other agency-created or agency-issued documents regarding Title VII's application to homosexual, bisexual, or transgender employees, and to include an explicit acknowledgement in each of those documents that the Religious Freedom Restoration Act and the judgment of this Court and the U.S. Court of Appeals for the Fifth Circuit allows Braidwood Management Inc. to make any of the employment decisions or policies described in paragraph 1(b), notwithstanding any provision or requirement of Title VII, the Supreme Court's opinion in *Bostock*, or any document created or issued by the EEOC. This acknowledgement must also be included in any future brochures, guidance documents, technical-assistance documents, interpretative rules, general statements of policy, web sites and web pages, and other agency-created or agency-issued documents regarding Title VII's application to homosexual, bisexual, or transgender employees.

2. The Court dismisses without prejudice all other claims asserted by Braidwood against the defendants.

3. The Court dismisses without prejudice all claims asserted by Bear Creek Bible Church against the defendants.

Dated: _____

REED O'CONNOR  
UNITED STATES DISTRICT JUDGE