IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| BEAR CREEK BIBLE CHURCH *et al.*,<br><br>　　*Plaintiffs*,<br><br>v.<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION *et al.*,<br><br>　　*Defendants*. | Civil Action No. 18-0824 |

**DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT**

Several portions of Plaintiffs' proposed judgment, ECF No. 148-1, are contrary to law or exceed the relief to which Plaintiffs are entitled. To aid the Court in issuing a final judgment that is consistent with the Fifth Circuit's opinion and mandate, Defendants offer the attached proposed final judgment and point out the following errors in Plaintiffs' proposed final judgment:

*First*, Plaintiffs' request for injunctive relief should be rejected for the same reason that the Court previously rejected Plaintiffs' request. After the Court issued its prior judgment, Plaintiffs requested that the judgment include an injunction, including "an order that the EEOC amend its existing brochures, guidance documents, technical-assistance documents, interpretative rules, general statements of policy, websites and web pages, and any other agency-created or agency-issued documents." Pls.' Mot. Amend Final J. 3, ECF No. 130. The Court rejected this request because, among other reasons, Plaintiffs had not asked for such relief in their complaint. Order 4 (Jan. 12, 2022), ECF No. 135. Plaintiffs have not provided any basis for the Court to revisit this conclusion. Plaintiffs did not request injunctive relief on appeal, and the Court of Appeals also did not award injunctive relief. In addition, Plaintiffs do not explain why declaratory judgment in

Braidwood's favor on its RFRA claim, *see* Pls.' Proposed J. ¶ 1.a, is inadequate to provide Braidwood complete relief, which would be their burden if they had timely requested such an order. *See Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 847–48 (5th Cir. 2004) ("A party seeking a permanent injunction must also plead and prove an irreparable injury for which no adequate remedy at law exists."). "An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010). And when "a less drastic remedy" such as declaratory relief is "sufficient to redress" the plaintiff's injury, "no recourse to the additional and extraordinary relief of an injunction [is] warranted." *Id.* at 165–66. Moreover, an additional order requiring the EEOC to amend various documents and guidance materials used throughout the country merely to carve out Braidwood is patently unnecessary and unwarranted. Accordingly, the Court should not adopt Parts 1.b and 1.c of Plaintiffs' Proposed Final Judgment, ECF No. 148-1.

*Second*, Plaintiffs are not entitled to declaratory relief with respect to third parties. Plaintiffs' proposed declaratory judgment would state that "the Religious Freedom Restoration Act protects the rights of plaintiff Braidwood Management Inc." to engage in certain activity as a general matter. *See* Proposed Final Judgment 1. But RFRA applies only to *government* action that substantially burdens a person's exercise of religion. *See* 42 U.S.C.A. § 2000bb-1(a). It does not apply to a private party's actions. Furthermore, "[t]he consistent constitutional rule has been that a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 395 U.S. 100, 110 (1969). Thus, a court may not issue an order against an individual who was not named in the suit and who has never been served. *See id.*; *Progressive Haw. Ins. Corp. v. D&N Transp., Inc.*, No. 4:20-cv-02726, 2022 WL 18396217, *4 (S.D. Tex. Dec. 1, 2022) (observing that non-parties "cannot be

bound by a declaratory judgment action"). Accordingly, the Court should not issue a judgment that would affect the rights of third parties to bring Title VII suits against Braidwood.

*Third*, the judgment should not address individuals "who have a homosexual or bisexual orientation," Pls.' Proposed J. ¶ 1.a.1. This case has always concerned conduct, not orientation; Plaintiffs' Complaint requested a declaratory judgment regarding "individuals who are engaged in sexually immoral *behavior*, including homosexuality" and "individuals who are engaged in gender non-conforming *behavior*." *E.g.*, 4th Am. Compl. ¶ 53 (emphasis added). This Court based its opinion on the understanding that Plaintiffs were concerned with certain *behavior*. *See, e.g.*, Am. Mem. Op. & Order 47 (discussing how employees "conduct themselves"), ECF No. 124. And the Court of Appeals did the same. *See Braidwood Mgmt., Inc. v. EEOC*, 70 F.4th 914, 920 (5th Cir. 2023) ("Both plaintiffs also contend that they are focused on individuals' behavior, not their asserted identity."). Now, however, Plaintiffs seek a declaratory judgment and injunction regarding a broader class of people, based on their identity in addition to their conduct. This request is all the more improper because it includes bisexual people, even though the Court of Appeals declined to address whether Title VII permits employers to discriminate against bisexual people. *See id.* at 940. The Court should not issue such a capacious judgment.

*Fourth*, the Court should dismiss Bear Creek's claims with prejudice. This Court awarded summary judgment against Bear Creek, Am. J. ¶ IV, which the Court of Appeals affirmed, *Braidwood Mgmt. Inc.*, 70 F.4th at 940. "[A] district court has no discretion to grant summary judgment without prejudice." *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 195 (5th Cir. 2011). Because this Court awarded summary judgment against Bear Creek, it must enter judgment with prejudice.

Dated: September 15, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

*/s/ Michael F. Knapp*
BENJAMIN T. TAKEMOTO
(DC Bar # 1045253)
MICHAEL F. KNAPP
(CA Bar. # 314104)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 514-2071
Fax: (202) 616-8460
E-mail: michael.f.knapp@usdoj.gov

*Attorneys for Defendants*