UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **Bear Creek Bible Church**, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>**Equal Employment Opportunity Commission**, et al.,<br><br>  Defendants. | Case No. 4:18-cv-00824-O |

### REPLY BRIEF IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT

The plaintiffs are willing to withdraw their requests for injunctive relief in paragraph 1(b)–(c) of their original proposed judgment, as well as the reference to "orientation" in the proposed declaratory relief. The defendants' objections to these aspects of the proposed judgment are well-taken. The plaintiffs, however, respectfully disagree with the defendants' remaining objections to their proposed judgment, and they object to the defendants' proposed judgment as well.

### I.   THE FINAL JUDGMENT MUST AWARD DECLARATORY RELIEF TO BRAIDWOOD, AND THAT DECLARATORY RELIEF MUST DESCRIBE BRAIDWOOD'S "RIGHTS AND OTHER LEGAL RELATIONS"

The most serious problem with the defendants' proposed judgment is that it fails to award any *relief* to Braidwood. *See* Defs.' Proposed Judgment, ECF No. 149-1. The defendants want this Court's judgment to say:

> The Court enters judgment in favor of Braidwood with respect to Count I, its Religious Freedom Restoration Act claim against Defendants, 4th Am. Compl. ¶¶ 49–53, ECF No. 86.

*Id*. at 1. This proposal is unacceptable for many reasons.

First, a judgment is not supposed to refer to or incorporate by reference other documents, such as the fourth amended complaint. *See Int'l Armor & Limousine Company v. Moloney Coachbuilders, Inc.*, 272 F.3d 912 (7th Cir. 2001) ("[R]eferences to other documents . . . should not appear in a judgment"); *American Interinsurance Exchange v. Occidental Fire & Casualty Co. of North Carolina*, 835 F.2d 157, 159 (7th Cir. 1987) ("Under Fed. R. Civ. P. 58 the judgment must be self-contained and complete."); Charles Alan Wright & Arthur R. Miller, 11 *Federal Practice and Procedure* § 2785 (3rd ed.) ("[T]he required separate judgment should be self-sufficient and should not merely incorporate other documents by reference"). A person reading this judgment cannot determine what has been awarded or how to comply unless it reads the fourth amended complaint. The judgment itself needs to spell out what the parties are permitted or forbidden to do—and it must do so in a self-contained document that does not refer to other documents or court filings.

The second and more serious problem is that the judgment does not describe or grant any relief to Braidwood. *See Hawkins v. Frick-Reid Supply Corp.*, 154 F.2d 88, 89 (5th Cir. 1946) ("[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled" (citation and internal quotation marks omitted)). It simply says that the Court "enters judgment in favor of Braidwood with respect to Count I." Defs.' Proposed Judgment, ECF No. 149-1, at 1. But this does not say *what* (if anything) has been awarded to Braidwood in terms of relief. It makes no declaration of Braidwood's "rights and other legal relations" under 28 U.S.C. § 2201(a), so no declaratory relief has been awarded. And there is nothing else in this document that could possible qualify as relief. There is no injunction, no award of damages, and nothing that "holds unlawful and sets aside" agency action under section 706 of the APA. This judgment is an empty vessel that announces Braidwood as the victor but leaves Braidwood without anything to show for it.

The third problem is that the defendants' proposed judgment does not comply with the requirements of the Declaratory Judgment Act, even though the defendants appear to acknowledge that Braidwood is entitled to declaratory relief.[1] The proper scope and form of declaratory relief is set forth in the statute that brought this remedy into existence:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare *the rights and other legal relations of any interested party seeking such declaration*, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis added). Courts rarely quote or analyze the language of the Declaratory Judgment Act, but the statute makes clear that a declaratory judgment must declare: (1) the "rights and other legal relations"; (2) of an "interested party" seeking this declaration. *See* David P. Currie, *Misunderstanding Standing*, 1981 Sup. Ct. Rev. 41, 45 ("[The court is empowered to declare only the 'rights' of the 'party seeking such declaration'").

So the Court's judgment *must* describe and set forth the "rights and other legal relations" belonging to Braidwood Management Inc., rather than merely announcing that Braidwood has prevailed on its RFRA claim. The phrasing used in paragraph 1(a) of our original proposed order does exactly that. *See* Pls.' Proposed Final Judgment, ECF No. 148-1, at 1–2. But the wording used in the defendants' proposal is not a declaratory judgment of any sort. And the defendants make no effort to explain how their proposed judgment comports with the text of 28 U.S.C. § 2201(a).

---

1. *See* Defs.' Proposed Judgment, ECF No. 149-1, at 1–2 (opposing injunctive relief on the ground that "declaratory judgment in Braidwood's favor on its RFRA claim" would be adequate to provide Braidwood with complete relief); *id.* at 2 (opposing declaratory relief only "with respect to third parties.").

## II. Braidwood Is Not Seeking Declaratory Relief Against Third Parties And The Plaintiffs' Proposed Judgment Does Not Purport To Award Such Relief

The defendants are correct to observe that the Court's judgment cannot declare Braidwood's rights with respect to non-parties to the lawsuit, such as private individuals who might sue Braidwood over its employment practices. *See Hansberry v. Lee*, 311 U.S. 32, 40 (1940) ("[O]ne is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process."); *Martin v. Wilks*, 490 U.S. 755, 762 (1989) ("A judgment or decree among parties to a lawsuit resolves issues as among them, but it does not conclude the rights of strangers to those proceedings."). The judgment entered by this Court cannot and will not have any legal effect on non-parties, and the judgment will not preclude a private litigant from suing Braidwood over conduct that this Court has declared protected by RFRA. To be sure, the stare decisis effect of the Fifth Circuit's opinion might require federal district courts to dismiss private lawsuits filed against Braidwood over conduct that the Fifth Circuit held to be protected by RFRA. But the only legally binding obligations in that scenario would come from the Fifth Circuit's opinion and the doctrine of stare decisis, not from anything in the judgment that entered by this Court. *See* Amy Coney Barrett, *Stare Decisis and Due Process*, 74 U. Colo. L. Rev. 1011 (2002).

The proposed judgment that we drafted tried to make this clear by including the following paragraph immediately before the description of declaratory relief:

> The Court enters judgment in favor of plaintiff Braidwood Management Inc. (Braidwood), *and against defendants Equal Employment Opportunity Commission, the United States of America, and Charlotte A. Burrows, Jocelyn Samuels, Keith E. Sonderling, Andrea R. Lucas, and Gwendolyn Young Reams, in their official capacities as chair, vice chair, and commissioners of the Equal Employment Opportunity Commission*, with respect to Braidwood's claim under the Religious Freedom Restoration Act claim (Count I). The Court awards relief to Braidwood as follows: . . .

Pls.' Proposed Final Judgment, ECF No. 148-1, at 1 (emphasis added). The italicized language was meant to show that the judgment (and the subsequent declaratory relief) is binding only on the named defendants and no one else. The defendants, however, appear to be concerned that the declarations of Braidwood's "rights" in paragraph 1(a)(1)–(5) could be construed as rights that Braidwood can assert against anyone in the world and not just the named defendants in this lawsuit.

If the Court thinks it necessary to clarify this point, we suggest that it do so by adding the following proviso (which appears in italics) at the end of the declaration of rights listed in paragraph 1(a)(1)–(5):

> a. The Court **DECLARES** that the Religious Freedom Restoration Act protects the rights of plaintiff Braidwood Management Inc. to:
>
>   1. Refuse to employ individuals who engage in homosexual behavior or who have a homosexual or bisexual orientation;
>
>   2. Refuse to employ individuals who are engaged in gender nonconforming behavior, including cross-dressing, transvestism, efforts to change or transition one's gender, or asserting a gender identity that departs from one's biological sex;
>
>   3. Refuse to recognize same-sex marriage or offer benefits to same-sex partners of their employees;
>
>   4. Enforce sex-specific dress and grooming codes; and
>
>   5. Prohibit its employees from entering or using restrooms or other facilities designated for the opposite biological sex,
>
> *without encountering retaliation, enforcement action, or any type of adverse or negative action on account of its exercise of these rights from any of the named defendants.*

Pls.' Proposed Final Judgment, ECF No. 148-1, at 1–2 (adding language that appears in italics). The plaintiffs do not believe it is necessary for the Court to include this proviso, but we would not object if it were added. It is important, however, that any declaratory relief in the judgment be phrased in terms of Braidwood's "rights and other legal relations," in accordance with the requirements of 28 U.S.C. § 2201.

### III. BEAR CREEK'S CLAIMS SHOULD BE DISMISSED WITHOUT PREJUDICE

Neither this Court nor the Fifth Circuit reached or rejected the merits of Bear Creek's RFRA claim. Instead, this Court held that 42 U.S.C. § 2000e-1(a) shielded Bear Creek from the requirements of Title VII (and the EEOC's guidance documents) so it was not necessary to resolve the RFRA claim one way or the other. *See* Amended Opinion and Order, ECF No. 124, at 9–12; *id*. at 42–43. The Fifth Circuit affirmed without discussion. *See Braidwood Management Inc. v. EEOC*, 70 F.4th 914, 936–37 (5th Cir. 2023). This Court should dismiss Bear Creek's RFRA claim without prejudice because it never ruled on the merits of Bear Creek's RFRA arguments. In addition, a with-prejudice dismissal has res judicata effect,[2] which would bar Bear Creek from suing over the EEOC's guidance documents if 42 U.S.C. § 2000e-1(a) is ever amended or repealed, or if 42 U.S.C. § 2000e-1(a) is construed by a future appellate court not to protect Bear Creek from the requirements of Title VII or the EEOC's guidance documents. There is no conceivable justification to forever preclude Bear Creek from litigating its RFRA claim against the defendants merely because 42 U.S.C. § 2000e-1(a) (for now) exempts Bear Creek from the requirements of Title VII, and when no court reached or resolved the merits of Bear Creek's RFRA arguments.

The defendants' only argument for a with-prejudice dismissal is that the Court disposed of Bear Creek's claims when deciding a motion for summary judgment, and they insist that a with-prejudice dismissal must *always* follow whenever a claim gets dismissed at the summary-judgment stage. *See* Defs.' Response, ECF No. 149, at 4 (quoting *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 195 (5th Cir. 2011)). But that is simply untrue. Imagine a scenario in which a plaintiff pleads sufficient facts regarding Article III standing to survive a motion to dismiss, but is unable to produce sufficient

---

2. *See Spivey v. Chitimacha Tribe of Louisiana*, 79 F.4th 444, 448 (5th Cir. 2023).

evidence of standing to survive a motion for summary judgment. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 562–71 & n.3 (1992). A court in that situation must grant the defendant's motion for summary judgment on account of the plaintiff's failure to adduce evidence of standing. *See id.* at 578 ("We hold that respondents lack standing to bring this action and that the Court of Appeals erred in denying the summary judgment motion filed by the United States."). Yet the plaintiff's claim must be dismissed *without* prejudice because Article III standing goes to the subject-matter jurisdiction of the court, and a court that lacks jurisdiction is categorically forbidden to enter a with-prejudice dismissal. *See Spivey v. Chitimacha Tribe of Louisiana*, 79 F.4th 444, 449 (5th Cir. 2023) ("[T]he jurisdiction-less court . . . cannot issue with-prejudice dismissals"); *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("[A] jurisdictional dismissal must be *without* prejudice to refiling in a forum of competent jurisdiction."); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (Easterbrook, J.) ("'No jurisdiction' and 'with prejudice' are mutually exclusive.").

The with-or-without-prejudice decision turns not on whether a claim was dismissed at the summary-judgment stage, but on whether the Court reached the merits of the claim rather than refusing to resolve it for procedural or jurisdictional reasons. The defendants do not deny that the Court never resolved the merits of Bear Creek's RFRA claim, so any dismissal of that claim should be without prejudice and without res judicata effect.

\* \* \*

We have attached to this reply a redlined and clean copy of our revised proposed judgment, which removes the objectionable language from the original version and adds the (perhaps unnecessary) proviso discussed at the end of Section II, *supra*.

## CONCLUSION

The plaintiffs' motion for entry of judgment should be granted.

Respectfully submitted.

 /s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Dated: September 29, 2023                *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on September 29, 2023, I served this document through CM/ECF upon:

Benjamin T. Takemoto
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
(202) 532-4252 (phone)
(202) 616-8460 (fax)
benjamin.takemoto@usdoj.gov

*Counsel for Defendants*

    /s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Counsel for Plaintiffs*