IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BRAIDWOOD MANAGEMENT, INC. § <br> and BEAR CREEK BIBLE CHURCH, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> EQUAL EMPLOYMENT § <br> OPPORTUNITY COMMISSION, *et al.*, § <br> § <br> Defendants. § | Civil Action No.: 4:18-cv-00824-O |

# ORDER

Before the Court are Plaintiffs' Opposed Motion for Entry of Final Judgment (ECF No. 148), filed August 30, 2023; Defendants' Response (ECF No. 149), filed September 15, 2023; and Plaintiffs' Reply (ECF No. 150), filed September 29, 2023. Having considered the briefing, proposed final judgments, and applicable law, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' Motion. Separate final judgment shall issue.

**A. Resolved Issues**

Following remand from the Fifth Circuit, the parties initially filed different proposed final judgments.[1] By the conclusion of the briefing regarding what should be included in the Court's Final Judgment, many of the differences were resolved without judicial intervention. For instance, Plaintiffs Braidwood Management, Inc. ("Braidwood") and Bear Creek Bible Church ("Bear Creek") concede to the removal of paragraphs awarding permanent injunctive relief and language

---

[1] *Compare* Pls.' Proposed Final Judgment, ECF No. 148-1, *with* Defs.' Proposed Final Judgment, ECF No. 149-1.

1

beyond conduct to include sexual orientation.[2] Additionally, Plaintiffs propose inclusion of a clarifying proviso to ameliorate Defendants' concerns regarding the impact of Braidwood's declared rights with respect to third parties.[3] The Court agrees with and accepts the resolution of these issues, which will be reflected in the Court's Final Judgment. The Court addresses the two remaining unresolved issues in turn.

### B. Declaratory Relief to Braidwood

The parties disagree as to whether the final judgment should explicitly list any declarations. Plaintiffs argue that the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, requires a specific description of any declared rights and legal relations.[4] Defendants suggest in their proposed final judgment that a simple statement regarding Plaintiffs' success on their claim is sufficient: "The Court enters judgment in favor of Braidwood with respect to Count I, its Religious Freedom Restoration Act claim against Defendants, 4th Am. Compl. ¶¶ 49–53, ECF No. 86."[5] The Court finds Defendants' proposed final judgment inadequate for two reasons.

First, Defendants' proposed final judgment does not comply with the requirements of the DJA. Simply acknowledging that a party is entitled to declaratory relief is not enough. Instead, the proper scope and form of declaratory relief is set forth in the statute that brought this remedy into existence:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare *the rights and other legal relations of any interested party seeking such declaration*, whether or not

---

[2] Pls.' Reply 1, ECF No. 150 ("[P]laintiffs are willing to withdraw their requests for injunctive relief in paragraph 1(b)–(c) . . . , as well as the reference to 'orientation' in the proposed declaratory relief. The defendants' objections to these aspects of the proposed judgment are well-taken.").
[3] *Id.* at 5 (consenting to the inclusion of "without encountering retaliation, enforcement action, or any type of adverse or negative action on account of its exercise of these rights from any of the named defendants" to the declared rights in paragraph 1(a) of their proposed final judgment).
[4] *Id.* at 1–3.
[5] Defs.' Proposed Final Judgment 1, ECF No. 149-1.

2

further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis added). Although federal courts rarely quote or analyze the language of the DJA, the statutory text makes clear that any declaratory judgment must declare the "rights and other legal relations" of an "interested party" seeking the declaration. *See* David P. Currie, *Misunderstanding Standing*, 1981 SUP. CT. REV. 41, 45 ("[The court is empowered to declare only the 'rights' of the 'party seeking such declaration'"). Otherwise, relief is entirely absent or insufficient.

This deficiency is apparent in Defendants' proposed final judgment. At best, Defendant's proposed final judgment inadequately grants relief to Braidwood and, at worst, it grants no declaratory relief at all. Simply "enter[ing] judgment in favor of Braidwood with respect to Count I" does not state what relief has been awarded to Braidwood. Without a declaration of Braidwood's "rights and other legal relations" under 28 U.S.C. § 2201(a), no declaratory relief is actually awarded. This cannot be. *See Hawkins v. Frick-Reid Supply Corp.*, 154 F.2d 88, 89 (5th Cir. 1946) ("[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled" (citation and internal quotation marks omitted)). There is nothing else in Defendants' proposed final judgment that could possibly qualify as relief to Braidwood—no injunction, no award of damages, and nothing that "holds unlawful and sets aside" agency action the Administrative Procedure Act. In fact, Defendants appear to agree that Braidwood is entitled to declaratory relief.[6] Therefore, the Court declines to award empty declaratory relief that announces Braidwood as the victor but without anything to show for it. This is not declaratory relief of any sort.

---

[6] *See* Defs.' Proposed Judgment 1–2, ECF No. 149-1 (opposing injunctive relief on the ground that "declaratory judgment in Braidwood's favor on its RFRA claim" would be adequate to provide Braidwood with complete relief); *id.* at 2 (opposing declaratory relief only "with respect to third parties").

Second, a final judgment should be complete and self-contained. 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2785 (3rd ed.) ("[T]he required separate judgment should be self-sufficient and should not merely incorporate other documents by reference"); *Am. Interinsurance Exchange v. Occidental Fire & Casualty Co. of N.C.*, 835 F.2d 157, 159 (7th Cir. 1987) ("Under Fed. R. Civ. P. 58 the judgment must be self-contained and complete."). A final judgment that refers to or incorporates by reference other documents is not self-contained. *See Int'l Armor & Limousine Co. v. Moloney Coachbuilders, Inc.*, 272 F.3d 912 (7th Cir. 2001) ("[R]eferences to other documents . . . should not appear in a judgment"). Any person reading Defendants' proposed final judgment would not be able to determine what relief has been awarded to Braidwood or how to comply without reading the referenced document—the Fourth Amended Complaint (ECF No. 86). And Defendants' proposal would not qualify as a self-contained and complete final judgment under Rule 58. To comply with Rule 58, the Court's Final Judgment must specifically identify what the parties are permitted or forbidden to do—and it must do so in a self-contained fashion that does not refer to other documents or court filings. Therefore, the Court declines to merely announce that Braidwood prevailed in this matter without specific declarations.

Accordingly, the Court's Final Judgment will comply with the DJA's mandate by describing and setting forth Braidwood's "rights and other legal relations." 28 U.S.C. § 2201(a). In this regard, the Court accepts Plaintiffs' revised proposed final judgment.[7]

## C. With-or-Without Prejudice Dismissal for Bear Creek

The parties also disagree as to how the Court should dismiss Bear Creek's claims. Defendants argue that the dismissal should be with prejudice since a federal court lacks discretion

---

[7] Pls.' Revised Proposed Final Judgment 1–2, ECF No. 150-2.

to dismiss without prejudice.[8] Plaintiffs argue that the dismissal should be without prejudice because neither the Court nor the Fifth Circuit reached the merits of Bear Creek's RFRA claim.[9] The Court concludes that Bear Creek's claims should be dismissed *with* prejudice.

It is well-established that "a district court has no discretion to grant summary judgment without prejudice." *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 195 (5th Cir. 2011). Indeed, the Fifth Circuit explained that "the very concept of granting summary judgment without prejudice is internally incoherent" because it would "indicate that the suit is dismissed without a decision on the merits and is not conclusive of the rights of the parties." *Id.* at 194 (cleaned up). That is because summary judgment is "the procedural equivalent to trial." *Id.*

To be sure, there are rare circumstances when a dismissal without prejudice at the summary judgment stage is appropriate. One of those situations is when a federal court lacks jurisdiction due to Article III standing issues. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 578 (1992) (holding that the district court erred in denying summary judgment on the standing issue); *see also Spivey v. Chitimcaha Tribe of La.*, 79 F.4th 444, 449 (5th Cir. 2023) (explaining that "the jurisdiction-less court . . . cannot issue with-prejudice dismissals); *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("[A] jurisdictional dismissal must be without prejudice to refiling in a forum of competent jurisdiction."). Another situation is when a party fails to exhaust administrative remedies prior to filing suit in federal court. *See Mitchell v. Cont'l Airlines, Inc.*, 481 F.3d 225, 227, 227, 232 (5th Cir.2007) (approving dismissal of suit without prejudice on summary judgment for failure to exhaust). Both scenarios involve non-substantive, procedural bars with the possibility of a party later curing the procedural defect to allow for a future determination on the merits— such as exhausting administrative remedies or instead filing the case in state court.

---

[8] Defs.' Resp. 4, ECF No. 149.
[9] Pls.' Reply 6–7, ECF No. 150.

This case is different. Title VII does not operate as a non-substantive, procedural bar to Bear Creek's RFRA claim that is possible to cure. Instead, the Court's denial of summary judgment reached the merits by concluding that Title VII does not burden church-type employers due to a statutory exemption.[10] As of result of the Court's substantive, merits-based determination regarding Title VII's statutory exemption, it found that RFRA does not compel an exception to Title VII since one already exists.[11] Plaintiffs are generally correct that "[t]he with-or-without prejudice decision turns . . . on whether the Court reached the merits of the claim rather than refusing to resolve it for procedural or jurisdictional reasons."[12] But the rare exceptions to the with-prejudice requirement indicate that the possibility to cure a non-substantive defect must also be present to qualify for a without-prejudice dismissal at the summary judgment stage. No such possibility exists here.

Plaintiffs also fear that a with-prejudice dismissal will have a res judicata effect that will bar Bear Creek from suing over the EEOC's guidance documents in the future if Title VII is ever amended, repealed, or construed by a higher court in a way that does not protect Bear Creek.[13] But this fear is unfounded. If such an intervening change in law occurs, Bear Creek could still sue. For instance, Bear Creek could move under Rule 60 for relief from the Court's Final Judgment "within a reasonable time" of the change of law. FED. R. CIV. P. 60(b)(6) (authorizing a court to "relieve a party . . . from a final judgment" for "any other reason that justifies relief"); *see, e.g.*, *Henson v. Fidelity Nat'l Fin., Inc.*, 943 F.3d 434, 444, 455 (9th Cir. 2019) (holding that claims previously dismissed with prejudice may proceed anew under Rule 60(b)(6) due to an intervening change in law). Likewise, the Fifth Circuit has explained that "where changed circumstances are significant

---

[10] November 22, 2021 Am. Mem. Op. & Order 42, ECF No. 124.
[11] *Id.* at 41–43.
[12] Pls.' Reply 7, ECF No. 150.
[13] *Id.* at 6.

and have created new legal conditions," courts may "declin[e] to apply preclusion doctrines." *Priester v. Deutsche Bank Nat'l Trust Co.*, 832 F. App'x 240, 246 (5th Cir. 2020) (per curiam). This safeguard prevents "unequal treatment of similarly situated individuals" who "have the misfortune to have sought legal redress at an earlier phase of legal developments." *Id.* (citing *Jackson v. DeSoto Par. Sch. Bd.*, 585 F.2d 726, 729 (5th Cir. 1978)). And such protection is especially critical "when constitutional rights are involved." *Id.* As such, Plaintiff should find assurance in the availability of these pathways to avoid any res judicata effect should an intervening change in law occur.

*   *   *   *   *

Accordingly, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' Opposed Motion for Entry of Final Judgment (ECF No. 148). Specifically, the Court adopts Plaintiffs' revised proposed final judgment that omits the paragraphs regarding permanent injunctive relief, omits reference to "sexual orientation" in the declarations, and includes the clarifying proviso regarding third parties. (ECF No. 150-1) However, the Court alters Plaintiffs' proposed final judgment by dismissing Bear Creek's claims to **with prejudice**. Separate final judgment shall issue.

**SO ORDERED** on this **28th day** of **November, 2023**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**